

# NUMBER 13-25-00307-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GOTTLIEB A. GUTMANN,                                              Appellant,

v.

TIMOTHY HENNIG,                                                  Appellee.

## ON APPEAL FROM THE 377TH DISTRICT COURT
## OF VICTORIA COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Justices Silva, Cron, and Fonseca**
**Memorandum Opinion by Justice Fonseca**

Appellant Gottlieb A. Gutmann argues the trial court erred by granting appellee Timothy Hennig's motion for partial summary judgment in the underlying real property dispute. Hennig has filed a brief in which he agrees that the partial summary judgment order should be reversed and further argues that the trial court erred in severing the order from the remainder of the proceedings. For the reasons stated herein, we will reverse and

remand in accordance with his request.

## I. BACKGROUND

Gutmann and Hennig own neighboring tracts of land in Victoria County, and the underlying dispute concerns a road which runs between the two tracts. Hennig sued Gutmann in 2020, arguing that in 2017 Gutmann "decided he owned [the road] and could fence out and exclude [Hennig] from his land, despite the undisputed and uninterrupted use by [Hennig] and his predecessors for at least the preceding fifty years." In his live petition, Hennig raised the following causes of action: (1) declaratory judgment for easement by estoppel; (2) declaratory judgment for implied dedication; (3) negligent misrepresentation; (4) fraudulent inducement; (5) equitable estoppel; and (6) trespass to try title. He sought actual damages, temporary and permanent injunctive relief, declaratory relief, "[e]quitable relief in the form of granting the title to the property containing the Road Tract due to title in favor of [Hennig]," attorney's fees, court costs, and interest.

Hennig filed a "Motion for Traditional Summary Judgment" on November 6, 2023, requesting that the trial court

enter Judgment in favor of [Hennig] declaring as a matter of law that:

a) [Hennig] is entitled to an unobstructed easement for vehicular and pedestrian traffic along, over and across the [subject road];

b) [Hennig] is entitled to fence and improve the necessity easement; and to keep the necessity clear, safe, and usable at [Hennig]'s sole cost and expense[; and]

c) [Gutmann] shall not block, lock out, hinder, obstruct, or interfere with [Hennig]'s use of [Hennig's property] by obstructing [Hennig]'s easement.

By order dated January 2, 2024, the trial court granted Hennig's motion and awarded all

of the relief requested therein. Gutmann appealed this order, but we dismissed for want of jurisdiction, noting that the order was not final for purposes of appeal because "[Hennig]'s motion for summary judgment did not pertain to all of the claims raised in his live petition." *Gutmann v. Hennig*, No. 13-24-00106-CV, 2024 WL 4707813, at *1 (Tex. App.—Corpus Christi–Edinburg Nov. 7, 2024, no pet.) (mem. op.).

Subsequently, on April 29, 2025, Gutmann filed a motion for summary judgment seeking dismissal of Hennig's remaining claims and requests for relief. Gutmann asserted in part that, because the January 2 order "resolved the substantive claim," it "mooted [Hennig]'s alternative causes of action." Gutmann also stated that "[i]f the Court does not deny the remaining claims, it should resolve them to create an appealable judgment."

On May 20, 2025, the trial court signed an order denying Gutmann's motion for summary judgment in its entirety. However, it also signed an order *sua sponte* severing Hennig's "claim for easement by estoppel (Count 1)" from the rest of the case. The severance order stated:

> The easement by estoppel claim is independently dispositive of [Hennig]'s right to access the Hennig Tract across the Road Tract.
>
> The easement by estoppel claim involves discrete legal issues that can be resolved separately from the remaining causes of action.
>
> Severance of this claim will not prejudice any party and will promote judicial economy by allowing immediate appellate review of this dispositive issue.
>
> . . . .
>
> This [sic] Order Granting [Hennig]'s Motion for Summary Judgment, previously entered on January 20 [sic], 2024, is hereby made FINAL as to the severed easement by estoppel claim only.
>
> This order is a final and appealable judgment as to Count 1 (easement by estoppel) only.
>
> The remaining causes of action shall proceed separately.

3

Gutmann then perfected this appeal.

## II.   DISCUSSION

By one issue on appeal, Gutmann contends that Hennig was not entitled to summary judgment because he failed to conclusively establish an easement by estoppel and there are disputed issues of material fact. *See* TEX. R. CIV. P. 166a(c).

In his responsive brief, Hennig does not defend the trial court's January 2, 2024 partial summary judgment order. Instead, he argues that "the District Court improperly severed the summary judgment" and that, as a result, "there are now two proceedings involving the same parties and the same facts over the same road, and [Hennig] is being forced to defend one summary judgment on appeal while the rest of the case proceeds to trial." Even though his partial summary judgment motion was successful in the trial court, Hennig claims that this sequence of events has left him "in a lose/lose position from a cost and practicality perspective." Hennig thus asks this Court, "for purposes of judicial efficiency and economy," to "reverse the trial court's summary judgment order entered on January 2, 2024[,] without respect to the merits of [Gutmann's] appeal and remand the case to the trial court." He also asks us "to vacate the severance order and instruct the trial court to reconsolidate the case with the original trial court cause [number]."[1]

Hennig did not file a notice of appeal in this case, and we "may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause." TEX. R. APP. P. 25.1(c). Accordingly, this Court requested that Gutmann file a response to Hennig's brief specifically addressing whether this Court should:

---

[1] On October 23, 2025, Hennig filed with this Court a "Motion to Dismiss for Lack of Jurisdiction or to Alternatively Abate, Remand and Consolidate or Alternatively to Abate and Remand for Clarification" in which he made many of the same arguments and requests. We denied the motion. We note that, unlike Hennig's brief, this motion did not request reversal of the partial summary judgment order.

(1) reverse the January 2, 2024 summary judgment order without regard to the merits; and (2) reverse or vacate the May 20, 2025 severance order. Gutmann has filed a response stating that "he does not object to [Hennig]'s request" and "will defer to this Court as to the best and most judicious way to resolve this appeal."

In light of Gutmann's acquiescence to Hennig's requests, and in the interest of judicial efficiency and economy, we reverse the January 2, 2024 partial summary judgment order without regard to the merits of Gutmann's appellate issue.[2] Further, we reverse the May 20, 2025 severance order as moot.[3]

### III.   CONCLUSION

The trial court's January 2, 2024 and May 20, 2025 orders are reversed as set forth herein, and the cause is remanded for further proceedings consistent with this memorandum opinion.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
29th day of January, 2026.

---

[2] To the extent these rulings are more favorable to Hennig than that which the trial court awarded, we find that Gutmann's agreement constitutes just cause to award it despite Hennig's failure to file a notice of appeal. *See* TEX. R. APP. P. 25.1(c).

[3] Our reversal of the severance order renders moot Hennig's request that we instruct the trial court to "reconsolidate" the case.